IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHAWN D. SMITH,

                Petitioner,

vs.                                Case No. 13-3180-SAC

REX PRYOR,

                Respondent.

**MEMORANDUM AND ORDER**

Petitioner is incarcerated in Kansas upon a state court conviction. This case is now before the court upon his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se.

I. HABEAS AND PROCEDURAL STANDARDS

    A.  Standard of review for exhausted claims

A writ of habeas corpus may not be granted on behalf of a person in custody upon a state court conviction unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence" presented at trial. 28 U.S.C. § 2254(d)(1)&(2). State court factual findings, including credibility findings,

are presumed correct, absent clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).

The Supreme Court has stated that a state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth in our cases" or if the state court "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  A state court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.

The court may not issue a writ of habeas corpus "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington v. Richter, 562 U.S. 86, 101 (2011)(quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Even a "strong case for relief does not mean that the state court's contrary conclusion was unreasonable."  Id. at 102.  The law "stops just 'short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings.'"  Frost v. Prior, 749 F.3d 1212, 1223 (10th Cir. 2014)(quoting Richter, 562 U.S. at 102)).

B. State court's procedural bar

Federal habeas review is barred in instances where a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule[,] . . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "To be independent, the procedural ground must be based solely on state law[;] [t]o be adequate, the procedural ground must be strictly or regularly followed and applied evenhandedly to all similar claims." Thacker v. Workman, 678 F.3d 820, 835 (10th Cir. 2012) cert. denied, 133 S.Ct. 878 (2013)(interior quotations and citations omitted). A "fundamental miscarriage of justice" is implicated only where a constitutional violation is shown to have probably resulted in the conviction of an actually innocent person, as demonstrated by new evidence suggesting factual innocence, not mere legal insufficiency. Darden v. Patton, 2015 WL 2058898 *2 (10th Cir. 2015).

C. Exhaustion requirement

"A federal court cannot grant a state prisoner's habeas petition unless the petitioner has exhausted his claims in state court." Frost, 749 F.3d at 1231. The state prisoner "must give

state courts 'one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" Id. (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)).  Therefore, "any claims not included in a petition for discretionary review are unexhausted." Id. This bar extends to any unexhausted claim unless the prisoner can demonstrate 1) sufficient cause for failing to raise the claim and resulting prejudice or 2) if denying review would result in a fundamental miscarriage of justice because the prisoner has made a credible showing of actual innocence. Id. A credible showing of actual innocence requires "new reliable evidence that was not presented a trial." Id. at 1231-32 (interior quotations omitted).  Maintaining one's innocence or casting doubt on witness credibility may not satisfy the standard. Id. at 1232.

    D. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993).  A district court should not "assume the role of advocate for the pro se

litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's [pleading]." Whitney v. State of New Mexico, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

II. CASE HISTORY

Petitioner was convicted after a jury trial of the aggravated kidnapping of Kimberly A. Huckey. The complaint alleged that on July 31, 2006 in Sedgwick County, Kansas, petitioner and two others:

> did then and there unlawfully, take or confine a person, to-wit: Kimberly A. Huckey, accomplished by force or threat, with the intent to hold Kimberly A. Huckey to inflict bodily injury or to terrorize the said Kimberly A. Huckey or another, and did inflict bodily harm upon the person of Kimberly A. Huckey; contrary to Kansas Statutes Annotated 21-3421, Aggravated Kidnapping, Severity Level 1, Person Felony, Count One.

There was evidence at trial that Huckey was staying in a motel room and that petitioner was looking for her because she owed him money and because he was insistent that she be tested for AIDS. Petitioner was able to find out Huckey's location and broke open the motel room door. While doing so, he knocked Huckey to the floor. Huckey testified that petitioner kicked her in the face, breaking her nose. Petitioner and a male acquaintance pulled Huckey up and escorted her out of the room against her will. Petitioner separated herself from petitioner and ran into the motel office to ask for help. The motel

manager did not help Huckey and told petitioner and his friend to get Huckey out of the office. It is undisputed that petitioner forcibly dragged Huckey down a sidewalk and through a parking lot to his vehicle. This was done in part by pulling Huckey's ponytail. At the vehicle, Huckey was pushed inside and, in the process, a female accomplice who was waiting at the vehicle kicked Huckey in the face. Huckey sustained 'road rash' on her backside from being dragged on the sidewalk and parking lot. After petitioner drove away in his vehicle, officers stopped it and found Huckey inside bleeding and shaking. Because of the road rash, medical personnel had to peel Huckey's pants from her body at the hospital.

III. PETITIONER'S ARGUMENTS DO NOT WARRANT HABEAS RELIEF.

Petitioner makes three arguments in the petition now before the court. First, petitioner argues that he was denied proper notice of the charged crime because the complaint did not state when bodily harm was inflicted upon Huckey. Second, petitioner contends that he was denied due process because the jury instructions did not inform the jury that the element of bodily harm had to have occurred after the victim was kidnapped. Finally, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to ask for an instruction directing the members of the jury that they had to

agree unanimously as to which act of bodily harm was committed for the crime of aggravated kidnapping.

> A. Notice of the crime

A charging document is sufficient "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." U.S. v. Washington, 653 F.3d 1251, 1259 (10th Cir. 2011) cert. denied, 132 S.Ct. 1039 (2012)(quoting U.S. v. Gama-Bastidas, 222 F.3d 779, 785 (10th Cir. 2000)). "[I]f raised for the first time on appeal and the appellant does not assert prejudice, that is, if he had notice of the crime of which he stood accused, the indictment is to be read with maximum liberality finding it sufficient unless it is so defective that by any reasonable construction, it fails to charge the offense for which the defendant is convicted." U.S. v. Fitzgerald, 89 F.3d 218, 221 (5th Cir.) cert. denied, 519 U.S. 987 (1996). The validity of a charging document is not determined by whether it could have been worded in a more satisfactory manner, but whether it conforms to minimal constitutional standards. Gama-Bastidas, supra (quoting Fitzgerald, 89 F.3d at 222). Here, where the complaint charged petitioner in accordance with the statutory

language of K.S.A. 21-3420(c) (2007) and K.S.A. 21-3421 (2007),[1] and cited the latter statute, the court believes petitioner received proper notice of the aggravated kidnaping charge.

K.S.A. 21-3421 provides that:  "Aggravated kidnapping is kidnapping, as defined in K.S.A. 21-3420 and amendments thereto, when bodily harm is inflicted upon the person kidnapped."  K.S.A. 21-3420 provides in part as follows:  "Kidnapping is the taking or confining of any person, accomplished by force, threat or deception with the intent to hold such person: . . . (c) to inflict bodily injury or to terrorize the victim or another . . . ."

Petitioner argues that the complaint was unclear and did not provide proper notice because it did not state that bodily harm was inflicted <u>after</u> the victim was kidnapped.  This is not an element of the crime, however.  The Kansas Court of Appeals suggested as much in the direct appeal of petitioner's conviction.

> If we were to adopt Smith's interpretation of [<u>State v. Taylor</u>, 217 Kan. 706, 538 P.2d 1375 (1975)], it would mean that no amount of harm inflicted upon a victim while the defendant was in the process of abducting his or her victim could constitute bodily harm.  Such an interpretation is clearly against the significant policy discussed in <u>Taylor</u> to deter kidnappers from harming their victims and to punish unnecessary acts of violence against the victim.

---

[1] These statutes were repealed effective 2011.

State v. Smith, 2008 WL 4416029 *2 (Kan. App. 9/26/2008). The Kansas Court of Appeals explicitly rejected petitioner's argument in Crowther v. State, 249 P.3d 1214, 1225 (Kan.App. 2011) where the court stated:  "It is clear from the language in Taylor that unnecessary acts of violence upon the victim that occur during the process of abducting a victim may constitute the bodily harm to support an aggravated kidnapping charge." One of the "unnecessary acts of violence" in Crowther, as in this case, involved dragging the victim across a parking lot and inflicting "scratch patterns" on her legs.  Id.

The absence of prejudice to petitioner was noted by the Kansas Court of Appeals when it rejected petitioner's argument that his counsel was ineffective for failing to challenge the language of the complaint.  Smith v. State, 2012 WL 3966534 *7 (Kan.App. 9/7/2012).  The court determined that petitioner admitted to inflicting bodily harm after the initial kidnapping because he admitted to dragging Huckey by the hair after he took her from the motel room.  In petitioner's traverse, he suggests on the basis of State v. Mahlandt, 647 P.2d 1307 (Kan. 1982) that the kidnapping was not accomplished until Huckey was secured in the car.  This is incorrect.  Mahlandt did not hold that a kidnapper had not accomplished his crime until his victim was in the car.  Indeed, the court recognized that the kidnapping statute required "no particular distance of removal,

nor any particular time or place of confinement. Rather, it is the fact and not the distance of the taking that supplies the necessary element of kidnapping." 647 P.2d at 1312. The court went on to observe that in Mahlandt it was clear the victim was under the kidnapper's control when she was secured in the car. But, the court did not hold that the kidnapping was incomplete for purposes of the statute until that time.[2]

The court concludes that the complaint did not omit an essential element of the offense; that petitioner was given fair notice of the charge against him; and that petitioner suffered no prejudice from the failure to charge that petitioner inflicted bodily harm on Huckey after she was kidnapped.

B. Failure to properly instruct the jury

Petitioner's second argument for relief is that the jury was not properly instructed. Petitioner contends that the jury should have been instructed that to convict petitioner of aggravated kidnapping the prosecution had to prove that bodily harm was inflicted after a certain point in the progress of the crime. The court rejects this argument for two reasons.

First, petitioner has failed to exhaust this argument with the state court. Petitioner has asserted in his traverse that

---

[2] In State v. Burden, 69 P.3d 1120, 1127 (Kan. 2003), the court reaffirmed that the kidnapping statute "requires no particular distance of removal, nor any particular time or place of confinement. Under that statute it is the fact, not the distance, of a taking (or the fact, not the time or place, of confinement) that supplies a necessary element of kidnapping."

he can demonstrate sufficient cause for failing to raise this claim, but he must also show resulting prejudice in order to excuse a failure to exhaust.  This he has not done.  As mentioned before, petitioner admitted and the record is clear that petitioner inflicted bodily harm upon the victim after the kidnapping occurred as he dragged her across the sidewalk and parking lot.

Second, even if the failure to exhaust this argument in state court was not considered, habeas relief for any error in jury instructions requires proof of actual prejudice. Petitioner must show that the error "worked to his <u>actual</u> and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  <u>Daniels v. U.S.</u>, 254 F.3d 1180, 1191 (10th Cir. 2001)(quoting <u>U.S. v. Frady</u>, 456 U.S. 152, 170 (1982)).  In general, the burden of showing prejudice is not an easy one:

> [I]t is not enough to assert that an error "might have changed the outcome of the trial."  Instead, a petitioner "must convince [a court] that there is a reasonable probability that the result of the trial would have been different."

<u>Id.</u> (quoting <u>Strickler v. Greene</u>, 527 U.S. 263, 289 (1999)). Petitioner has not met this burden of showing prejudice because the undisputed evidence shows that petitioner inflicted bodily harm upon Huckey after she was kidnapped.  This proof would have satisfied any instruction suggested by petitioner.

C. <u>Ineffective assistance of counsel</u>

Petitioner's final argument is that he received ineffective assistance of counsel because his attorney did not ask for an instruction directing the jury that they had to unanimously agree upon a particular item of bodily harm which petitioner inflicted upon Huckey. This argument does not warrant habeas relief for a number of reasons.

First, petitioner did not exhaust this argument in the state courts. Again, while petitioner has made an argument that he had cause for not raising the claim, he has not demonstrated prejudice or a fundamental miscarriage of justice. As already noted, it was undisputed at trial that petitioner inflicted bodily harm upon Huckey after she was kidnapped.[3] Thus, there has been no credible showing that a unanimity instruction would have changed the outcome in this case.

Second, petitioner was not entitled to an unanimity instruction. "It is settled law that when a single crime can be committed by various means, the jury need not unanimously agree on which means were used so long as they agree that the crime was committed." <u>Sullivan v. Bruce</u>, 44 Fed.Appx. 913, 915 (10th Cir. 2002)(citing <u>Schad v. Arizona</u>, 501 U.S. 624, 631-32 (1991)); <u>U.S. v. Powell</u>, 226 F.3d 1181, 1195 (10th Cir. 2000)(a

---

[3] In closing argument, petitioner's trial counsel disputed whether petitioner's actions were taken with the intent to inflict bodily injury or terrorize Huckey, but not whether bodily injury was inflicted.

jury need not concur on the means by which the defendant satisfied an element of the offense).  Here, the jury did not need to agree on the means by which bodily harm was inflicted, only that unnecessary bodily injury was inflicted during the course of the crime of kidnapping.  See U.S. v. Talbert, 501 F.3d 449, 451 (5th Cir. 2007)(juror unanimity on a particular firearm is not required for conviction for possession of a firearm by a convicted felon); Walsh v. Gomez, 19 Fed.Appx. 510, 513 (9th Cir. 2001)(denying habeas relief for failure to give unanimity instruction); U.S. v. Frazier, 2015 WL 4946184 *3-4 (D.Kan. 8/19/2015)(employing similar analysis upon a motion to vacate sentence with regard to a kidnapping charge).

    Finally, in order to establish ineffective assistance of counsel, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688 & 691 (1984).  Here, for the same reasons and authority previously noted, the court finds that the failure to request a unanimity instruction is objectively reasonable and that it had no impact upon the outcome of petitioner's trial.

IV. PETITIONER'S MOTION TO SUBMIT CERTIFIED QUESTION SHALL BE DENIED.

Petitioner has filed a motion to submit the issues raised in his § 2254 motion to the Kansas Supreme Court pursuant to K.S.A. 60-3201. Whether to certify a question to the state courts rests in the sound discretion of the federal district court. Marzolf v. Gilgore, 924 F.Supp. 127, 129 (D.Kan. 1996). The court is not convinced that certifying any issues in this case to the Kansas Supreme Court would serve the purposes of the certification statute. Therefore, the motion shall be denied.

V. CONCLUSION

For the above-stated reasons, the petition for writ of habeas corpus shall be denied and the motion to submit certified question (Doc. No. 23) shall be denied.

In addition the court shall deny the issuance of a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C., instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can

satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000)(citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The court concludes that a certificate of appealability should not issue in this case. Nothing suggests that the court's rulings resulting in the dismissal of this action are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. Accordingly, a certificate of appealability shall be denied.

**IT IS SO ORDERED.**

Dated this 8th day of September, 2015, at Topeka, Kansas.

s/Sam A. Crow  _____
Sam A. Crow, U.S. District Senior Judge